UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERON D. JOHNSON,

        Petitioner,                      Case Number: 24-11201
                                                        Honorable Linda V. Parker

v.

MELINDA BRAMAN,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR EXPANSION
OF RECORD, FOR EVIDENTIARY HEARING, FOR LEAVE
TO CONDUCT DISCOVERY, FOR APPOINTMENT OF
COUNSEL, AND FOR WAIVER OF PAGE LIMIT (ECF Nos. 2, 6, 9)**

Teron D. Johnson has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Presently before the Court are three motions filed by Johnson, all bearing the same title: "Motion for Expansion of Record, for Evidentiary Hearing, for Leave to Conduct Discovery, for Appointment of Counsel and for Extended Pages."  (ECF Nos. 2, 6, 9.)  For the reasons set forth below, the Court will deny the first motion (ECF No. 2) without prejudice.  Because the second and third motions are virtually identical to the first, they will be denied as moot.  (ECF Nos. 6, 9.)

First, Johnson seeks an evidentiary hearing.  Under Rule 8 of the Rules Governing § 2254 Cases in the United States District Courts, "the judge must review the answer, any transcripts and records . . . and any [other applicable] materials . . .

to determine whether an evidentiary hearing is warranted." Rule 8(a), 28 U.S.C. foll. § 2254. The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer or the state court record from Respondent. Without these materials, the Court is unable to determine whether an evidentiary hearing on Johnson's claims is needed or permitted. Following receipt of these materials, the Court will determine whether an evidentiary hearing is necessary to resolve the petition.

Johnson also seeks leave to conduct discovery and for expansion of the record. Federal habeas review is generally "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But the court may authorize discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, Rule 6(a). Likewise, the court may allow the record expanded to include additional materials relevant to the determination of the habeas petition. 28 U.S.C. foll. § 2254, Rule 7. Until Respondent files an answer and the state-court record, "it is impossible to evaluate" the need for discovery. *Shaw v. White*, No. 99-CV-75322-DT, 2007 WL 2752372, *3 (E.D. Mich. Sept. 21, 2007) (quotation omitted). Therefore, the Court declines to expand the record or permit discovery at this time.

Johnson next asks for appointment of counsel. A petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). In a civil case, appointment of counsel is "a matter within the discretion of the court. It is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quotation omitted). The Court finds that the interests of justice do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). The Court will deny the request without prejudice. If the Court finds appointment of counsel necessary at a future point in the proceedings, the Court will *sua sponte* reconsider Petitioner's request for counsel.

Finally, Johnson seeks leave to exceed any applicable page limits. Rule 2 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, does not contain any page limits for a habeas petition, nor do the Local Rules for the Eastern District of Michigan. Consequently, Johnson's request will be denied as moot.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's first Motion for Expansion of Record, for Evidentiary Hearing, for Leave to Conduct Discovery, for Appointment of Counsel and for Extended Pages. (ECF No. 2.) Should the appointment of counsel or additional material prove necessary for a fair adjudication of the case, the Court will issue an appropriate order. No further motions need be filed.

Petitioner's duplicative motions (ECF Nos. 6, 9) are **DENIED AS MOOT**.

Furthermore, Petitioner's request for extended pages is **DENIED AS MOOT**.

**SO ORDERED**.

                                                         s/ Linda V. Parker
                                                         LINDA V. PARKER
                                                         U.S. DISTRICT JUDGE

Dated: March 18, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 18, 2025, by electronic and/or U.S. First Class mail.

                                                         s/Aaron Flanigan
                                                         Case Manager