UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERON D. JOHNSON,

               Petitioner,                  Case No: 24-cv-11201
                                                Honorable Linda V. Parker

v.

MELINDA BRAMAN,

               Respondent.

_____/

**<u>OPINION AND ORDER DENYING RESPONDENT'S MOTION TO
DISMISS (ECF NO. 15); GRANTING PETITIONER'S "MOTION FOR
HABEAS CORPUS PETITIONER REVIEW" AS MOTION TO AMEND
PETITION (ECF NO. 18); AND REQUIRING RESPONSIVE PLEADING</u>**

Teron D. Johnson filed a *pro se* petition for a writ of habeas corpus under 28

U.S.C. § 2254.  He challenges his convictions for assault with intent to do great

bodily harm, Mich. Comp. Laws § 750.84; first-degree home invasion, Mich.

Comp. Laws § 750.110a(2); discharging a firearm in a dwelling, Mich. Comp.

Laws § 750.234b; felon in possession of a firearm, Mich. Comp. Laws § 750.224f;

felon in possession of ammunition, Mich. Comp. Laws § 750.224f(6); five counts

of possession of a firearm during the commission of a felony, Mich. Comp. Laws

§ 750.227b; and carrying a concealed weapon, Mich. Comp. Laws § 750.227.

Now before the Court is Respondent's motion to dismiss the petition for

failure to exhaust state court remedies, and Johnson's "Motion for Habeas Corpus

Petitioner Review."  For the reasons explained below, the Court is denying Respondent's motion, granting Johnson's motion, and directing Respondent to file an answer to Johnson's amended petition.

**I**

A Genesee County Circuit Court jury convicted Johnson, and the trial court sentenced him as a fourth habitual offender to the following terms of imprisonment: 25 to 50 years for assault with intent to do great bodily harm; 15 to 25 years for first-degree home invasion; 2 to 10 years for discharging a firearm in a dwelling; 2 to 5 years for being a felon in possession of a firearm; 2 to 5 years for being a felon in possession of ammunition; 2 to 5 years for carrying a concealed weapon; and 2 years for each of the five felony-firearm convictions.  *People v. Johnson*, No. 353531, 2022 WL 17169390, at *1 (Mich. Ct. App. Nov. 22, 2022).  The felony-firearm charges were to run concurrently with one another but consecutively to the remaining charges, which were to run concurrently.  *Id.*

The Michigan Court of Appeals affirmed Johnson's convictions, *id.*, and the Michigan Supreme Court denied leave to appeal the court of appeals' decision, *People v. Johnson*, 512 Mich. 961 (Mich. 2023).

Johnson then filed the pending petition for a writ of habeas corpus.  (ECF No. 1.)  Respondent has moved to dismiss the petition on the ground that several claims are unexhausted.  (ECF No. 15.)  Johnson has filed a reply clarifying the

claims he intends to pursue and arguing that those claims were properly exhausted in the state courts.  He further clarifies the claims he intends to pursue in his motion, which the Court construes as a motion to amend his petition.

## II

A prisoner seeking habeas corpus relief under 28 U.S.C. § 2254 must first exhaust all available state court remedies.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when a prisoner has "invok[ed] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State."  *O'Sullivan*, 526 U.S. at 845, 847.  Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Respondent identifies twenty-eight separate claims that Respondent believes are raised in the petition.  (ECF No. 15 at PageID.274-77.)  Respondent's difficulty identifying the claims raised is understandable given the petition's lack of clarity.  In his response to the motion to dismiss, however, Johnson clarifies that he intends to pursue only the following three claims:

> I.  Declaring Michael Mack unavailable and reading his preliminary examination transcript to the jury violated the Michigan Rules of

Evidence and the Confrontation Clause.  Trial counsel was ineffective for failing to provide any grounds for her objections.

II.  The prosecutor committed error in closing argument by commenting on facts not in evidence, by stating that Mr. Mack did not testify because he was scared, which violated Mr. Johnson's due process rights to a fair trial.  Trial counsel was ineffective for failing to object.

III.  The lay opinion testimony of a member of the Michigan State Police Trooper fugitive team denied Mr. Johnson his due process right to a fair trial because it implied he was a fugitive and violent.  It was improper lay opinion testimony irrelevant to any fact at issue and more prejudicial than probative.  Trial counsel was ineffective for failing to object.

(ECF No. 18 at PageID.2431, 2450, 2457.)

Johnson maintains that these claims were presented to both Michigan appellate courts as federal constitutional claims.  The record supports that assertion.  (*See* ECF No. 16-27 at PageID.1300, ECF No. 16-29 at PageID.2116.)

The Court accepts Johnson's clarification of the three claims he intends to pursue.  The Court treats his "Motion for Habeas Corpus Review" as the amended—and operative—petition in this case.  To the extent the original petition could be construed as raising additional claims, those claims are considered voluntarily withdrawn.  Because the amended petition contains only exhausted claims, the petition is not subject to dismissal as a mixed petition.  *See Rose v. Lundy*, 455 U.S. 509 (1982).

4

The three claims identified in the amended petition were fairly presented to the state courts.  Therefore, the Court will require Respondent to file an answer addressing those claims on the merits.

**III.**

For the reasons stated, the Court **DENIES** Respondent's Motion to Dismiss (ECF No. 15).

The Court **GRANTS** Petitioner's motion (ECF No. 18) and treats it as the Amended Petition.

The Court **ORDERS** Respondent to file an answer addressing the merits of the three habeas claims raised in the Amended Petition **within 60 DAYS** of the date of this order.  Respondent shall also file any relevant Rule 5 materials not previously submitted within the same sixty-day period.

Petitioner may, but is not required to, file a reply brief **within 45 DAYS** after the answer is filed.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 9, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 9, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager